Finding no error in the record, the judgment of the court below is affirmed.

---

## JUSTICE OF THE PEACE—CONSTITUTIONAL LAW.

[ Hamilton (1st) Circuit Court.]

Swing, Giffen and Jelke, JJ.

### ROGERS V. PRUSHANSKY.

1. JURISDICTION OF JUSTICES COEXTENSIVE WITH COUNTIES.

Justices of the peace have jurisdiction under Secs. 583 and 6496, Rev. Stat. co-extensive with their respective counties to issue orders of attachment and to accompany said orders with summons.

2. COURT DECLINES TO PASS UPON CONSTITUTIONALITY OF 93 O. L. 146.

The court declined to pass upon the constitutionality of act 93 O. L.146, amending Secs. 582, 583 and 584, Rev. Stat., giving justices of the peace jurisdiction in attachment co-extensive with the county, Cuyahoga and Franklin counties excepted, wherein jurisdiction is limited to the township, inasmuch as if the act should be held unconstitutional the law as it was prior to the amendment would be revived and justices of the peace would have the same jurisdiction in Hamilton county as they now have.

3. APPEAL UNDER SEC. 6494, REV. Stat.—PLEADING.

The court of common pleas, upon appeal from the overruling of a motion to discharge an attachment before a justice of the peace under Sec. 6494, Rev. Stat., 93 O. L. 141, has no authority to entertain the filing of a new motion or to consider anything but the motion filed before the justice; and, having done so, to certify the case back to him. Under this rule, if the motion filed before the justice did not waive objection to the jurisdiction, a new motion filed in the common pleas court and embracing a ground other than objection to jurisdiction, will not have that effect.

HEARD ON ERROR.

**W. E. Beall,** for plaintiff in error, cited:

1. Jurisdiction of justices of the peace in attachment. Kelly v. Flanagan, 11 Circ. Dec. 111 ( 20 R. 391 ); Collins v. Bingham Bros., 12 Circ. Dec. 825 ( 22 R. 533 ); Court Index, September. 26, 1901.

**C. T. Dumont,** for defendant in error, cited:

1. Motion. Smith v. Hoover, 39 Ohio St. 249.

2. Jurisdiction of justices of the peace in attachment. Watkins v. Schlecter, 9 Dec. 590 (7 N. P. 42 ).

GIFFEN, J, orally.

This was a suit in attachment before a justice of the peace, and upon the overruling of the motion to discharge the attachment it was appealed to the court of common pleas under amended Section 6494, Rev. Stat., 93 O. L. 141, which permits an appeal to be made upon the overruling of a motion to discharge an attachment.

Upon the hearing of the case in the court of common pleas the motion was sustained and attachment discharged ; the question is raised in this case whether the court did not err in discharging the attachment on the ground that the court had no jurisdiction over the person of the defendant, he living in another township than the one for which the justice was elected.

The statute gave jurisdiction to the justice of the peace coextensive with the county prior to 1898; then Secs. 582, 583 and 584, Rev. Stat., were amended so that Franklin and Cuyahoga counties were excepted, leaving the jurisdiction coextensive with the counties in all counties other than those two. The claim, therefore, is made that these amended sections are unconstitutional, and that therefore the court had jurisdiction of the person of this defendant although he resided in a township other than that in which the justice was elected. It was suggested during the argument that this defendant had entered his appearance, and therefore waived the objection, because our Supreme Court has a number of times recently held that where a motion addresses itself to any other relief than that of inquiry as to the jurisdiction of the person of the defendant, it is an entrance of appearance for all purposes. But counsel have since cited us to Smith v. Hoover, 39 Ohio St. 249, in which the motion was almost identical with this one, and asks for a dismissal of the case upon the ground that the court had no jurisdiction of the person, and that the said justice of the peace has no jurisdiction of the property of said defendant.

Now, in this case, the original motion filed in the justice's court did not have this second ground, but after it got into the common pleas court a new motion was filed, which included the second ground that

the court had no jurisdiction of the property; so that the motion filed in the common pleas court is almost identical with the one decided by the Supreme Court. Smith v. Hoover, *supra*.

But clearly the court in this case had no authority to entertain the filing of a new motion, or consider anything but the motion filed before the justice of the peace, because at least this court has heretofore held, in another case, that this amended Sec. 6494, Rev. Stat., was intended not to give jurisdiction by appeal to the court of common pleas of the entire case, but simply for the purpose of determining the motion for the discharge of the attachment, and having done so, to certify the case back to the justice of the peace.

At any rate, the motion, as made before the justice of the peace, was not an entering of appearance, relying upon this authority in Smith v. Hoover, *supra*.

The question then is whether the amendment of Secs. 582, 583 and 584, Rev. Stat. excepting Cuyahoga and Franklin counties renders the law unconstitutional. The question came up in Lucas county before the circuit court there, in Collins v. Bingham Bros., 12 Circ. Dec. 825 (22 R. 533 ), and they declined to pass upon the constitutionally for the reason that if it be declared unconstitutional there would be no law applying to attachments, and that if they did declare it unconstitutional that they ought also to declare unconstitutional the repealing act, and that being so, the original law which gave the justice of the peace jurisdiction coextensive with the county would be restored. And we are therefore inclined to adopt the course pursued by the circuit court in Lucas county, and decline to pass upon the question as to whether or not this is unconstitutional, because under this law, or under the law as it· stood before that, the justice of the peace in Hamilton county would have jurisdiction coextensive with the county.

The syllabus in this case is that—

" Where an act repealing another act and providing a substitute therefor is found invalid, the repealing clause must also be found invalid, unless it shall appear that the legislature would have passed the repealing clause in any event. The legislature by the act of April 19, · 1898, 93 O. L. 146, amending Sec. 584, Rev. Stat., relating to attachments before justices by limiting the jurisdiction of justices in certain counties named without otherwise changing the law, did not intend to destoy the law upon such subject, consequently, the repealing clause of the act in question would be invalid if the law were held unconstitutional."

We think, therefore, that the justice of the peace had jurisdiction of the person and subject matter, and that the court erred in discharging the attachment, and the judgment will be reversed.